UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DR. MORTEZA SHAMSNIA                                    CIVIL ACTION

VERSUS                                                              NO. 06-4381

ICS IMAGING SYSTEMS, INC.                              SECTION: "C"
AND SUNRISE MEDICAL
TECHNOLOGY, INC.

## ORDER AND REASONS

This matter comes before the Court on a motion to dismiss for failure to comply with court order filed by defendant, Sunrise Medical Technology, Inc. ("Sunrise") (Rec. Doc. 28). The plaintiff, Dr. Morteza Shamsnia ("Shamsnia") opposes the motion. The motion is before the Court on the briefs, without oral argument. Having considered the record, the memoranda of counsel and the applicable law, the Court has determined that dismissal is not appropriate for the following reasons.

Sunrise seeks dismissal for Shamsnia's alleged failure to comply with the Court's January 23, 2007 order. In that order, the Court granted Sunrise's motion to stay and ordered that the plaintiff pursue his claims in arbitration. The ninety (90) day stay expired on April 23, 2007. Sunrise subsequently filed this motion to dismiss alleging

that Shamsnia failed to "take any action whatsoever" toward resolving his claims in arbitration during the stay and that dismissal with prejudice for failure to prosecute is the appropriate remedy. See, Rec. Doc. 28. Sunrise contends that it is prejudiced by the existence of the above captioned suit.

Shamsnia, on the other hand, asserts that he has attempted to comply with the Courts January 23, 2007 order to no avail. According to Shamsnia, he has attempted to initiate arbitration. He affirms that he is not opposed to using the American Arbitration Association's ("AAA") Commercial Arbitration Rules. However, he states that he has asked the defendants to use a local mediator in order to avoid the AAA's high costs, but that they have refused. Shamsnia argues that Sunrise was not prejudiced by the failure to move forward within the "relatively brief three month stay" because the court "did not put the parties on a timetable for arbitration completion." See, Rec. Doc. 38.

Sunrise sought and was granted leave to file a reply memorandum. In that memorandum, Sunrise called Shamsnia's assertions into question. Sunrise maintains that Shamsnia did not attempt to pursue arbitration until after the stay expired. Specifically, Sunrise asserts that it was first contacted about arbitration on May 8, 2007. Furthermore, Sunrise claims that Shamsnia's chosen arbitrator, MAPS of Metairie, Louisiana, is unacceptable because it is not centrally located as is required by the contract. Sunrise also points out that, although the Court did not expect the parties to

complete the arbitration during the stay, it did expect the parties to take steps toward arbitration. Sunrise reiterate that dismissal with prejudice is appropriate for Shamsnia's failure to comply with the Court's order.

Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute or comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Such dismissal operates as an adjudication on the merits, unless otherwise specified by the Court. FED. R. CIV. PRO. 41(b).

Jurisprudence has provided guidance on when dismissal under these rules is appropriate. Dismissal is authorized only when the failure to comply with the court's order results from willfulness or bad faith, and not from an inability to comply. *Bluitt v. ARCO Chemical Co.*, 777 F.2d 188, 190 (5th Cir. 1985) (citing, *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). Dismissal under these rules may also be inappropriate when neglect is plainly attributable to an attorney, rather than to a blameless client, or when the failure is based on a misunderstanding of the court's orders. *Id.* (citing, *Marshall v. Segona*, 621 F.2d 763, 768 (5th Cir. 1980), *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Ccir. 1978)).

The contract in question contained an alternative dispute resolution provision at paragraph 11, which provides in pertinent part that:

> [a]ny controversy or disputes arising out of or relating to this
> Contact shall be resolved by binding arbitration in
> accordance with the then-current Commercial Arbitration
> Rules of the American Arbitration Association.  The parties
> shall select a mutually acceptable arbitrator knowledgeable
> about issues relating to the subject matter of this Contract. In
> the event the parties are unable to agree to such a selection,
> each party will select an arbitrator and the two arbitrator in
> turn shall select a third arbitrator, all three of whom shall
> preside jointly over the matter. The arbitration shall take
> place at a location that is reasonably centrally located
> between the parties, or otherwise mutually agreed upon by
> the parties.

See, Rec. Doc. 14, Ex. 1.

It is clear that the parties intended that the arbitration would be in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA").  However, the contract nowhere says that arbitration has to be conducted by the AAA.  In fact, the contract permits the parties to agree on some other arbitrator.  The only stipulations are that the arbitrator or arbitrators must be knowledgeable about the issues related to the subject matter of the contract and that the arbitration will be at a central or mutually agreed upon location.

Shamsnia asserts that he has attempted to suggest a local mediator to no avail. There is no evidence regarding whether the defendants flatly rejected Shamsnia's suggested mediator or had a counter-suggestion.  However, Sunrise is correct that the arbitrator must be centrally located, unless mutually agreed upon.  Sunrise and ICS are

both Texas corporations, while Shamsnia is a resident of Metairie.  Metairie is not centrally located.  Therefore, when the defendants did not agree to arbitration at MAPS in Metairie, Shamsnia should have chosen an arbitrator closer to Texas.  In any event, it does not appear that Shamsnia himself acted in bad faith or willfully failed to comply with the Court's order.  If anything, Shamsnia's attorney is at fault for the apparent neglect to timely initiate an arbitration that comports with the contract.  Shamsnia should not be prejudiced by his attorney's fault.[1]  Thus, dismissal is not appropriate.

The Court stands by the notion that arbitration is appropriate in this case. The portion of the contract's arbitration clause that is quoted above clearly outlines the procedure for choosing an arbitrator.  The parties should be able to follow the contract language to select an appropriate location for arbitration and the arbitrators.

Accordingly,

IT IS ORDERED that Sunrise's motion to dismiss is **DENIED**.

IT IS FURTHER ORDERED that these proceedings are hereby **STAYED** for an additional six (6) months from the date of this order.  The parties are instructed that they are to cooperate in the pursuit of arbitration in this matter according to the terms of the applicable contract.

---

[1] However, the Court warns Shamsnia's counsel that he is to comply with all orders of this Court in a timely manner.

5

New Orleans, Louisiana this 13th day of June, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE